977 F.2d 574
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Tyrone A. BROWN, a/k/a Tyrone Anthony Brown, a/k/a Two
Cents, Defendant-Appellant.
 No. 91-5877.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: June 10, 1992
Decided: September 25, 1992
 
 Appeal from the United States District Court for the District of South Carolina, at Charleston. C. Weston Houck, District Judge. (CR-91-3)
 Parks N. Small, Federal Public Defender, Columbia, South Carolina, for Appellant.
 E. Bart Daniel, United States Attorney, A. Peter Shahid, Jr., Assistant United States Attorney, Charleston, South Carolina, for Appellees.
 D.S.C.
 Affirmed.
 Before RUSSELL, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Tyrone A. Brown pled guilty to being a felon in possession of a firearm (18 U.S.C. §§ 922(g), 924(a) (Supp. II 1990)) (Count Two), and was convicted of making a false statement to a federally licensed firearms dealer (18 U.S.C. §§ 922(a)(6), 924(a) (Supp. II 1990)) (Count One), and using a firearm in the commission of a drug trafficking offense (18 U.S.C. § 924(c) (Supp. II 1990)) (Count Three)). He appeals the sentence imposed on Counts One and Three.[1] We affirm.
 
 
 2
 Brown had previously been convicted and sentenced to five years imprisonment in state court on a drug charge which stemmed from the same incident as his federal firearms convictions. By the time Brown was sentenced in federal court, he had already served fourteen months of his state sentence. He requested at the sentencing hearing that his federal sentence be made concurrent to the state sentence pursuant to guideline section[2] 5G1.3, and moved for a downward departure to give him credit, in effect, for the time he had served on his state sentence. Alternatively, Brown suggested that the judgment and commitment order direct that this credit be applied to his federal sentence.
 
 
 3
 The district court declined to depart in order to credit Brown with the time served on his state sentence. It sentenced Brown to twentyone months, the bottom of the applicable guideline range, to run concurrent with the unserved portion of the state sentence. Brown contends on appeal that the district court wrongly believed it lacked the authority to depart below the guideline range in this circumstance.
 
 
 4
 Under 18 U.S.C. § 3585(b) (1988), a defendant may receive credit against his federal sentence for time spent in official detention prior to the date his sentence commences unless it has been credited against another sentence. The district court was thus correct in its view that it could not depart in order to give Brown credit for time he had served on his state sentence, because the resulting sentence would be contrary to the statute. In addition, the determination that credit may be given for time previously served must be made by the Attorney General. United States v. Wilson, 60 U.S.L.W. 4244, 4246 (U.S. 1992).[3]
 
 
 5
 Brown argues in his brief on appeal that the 1991 amendment to section 5G1.3 is clearer and more specific, and can be used to illuminate the operation of section 5G1.3 as it read on the date of his sentencing. However, the 1991 amendment provides for a downward departure to account for time served on a state sentence if conduct underlying the state conviction has been fully accounted for in determining the offense level for the instant federal offense. This would not apply in Brown's case, because the drug trafficking for which he was convicted in state court did not enter into the calculation of the offense level for his firearm charges. Moreover, the amended version was not effective until November 1990, and is not relevant to Brown's sentence at all.
 
 
 6
 We therefore affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The § 924(c) conviction in Count Two carried a mandatory, consecutive five-year sentence
 
 
 [2]
 United States Sentencing Commission, Guidelines Manual (Nov. 1990)
 
 
 [3]
 The preceding statute, 18 U.S.C.s 3568 (repealed, effective Nov. 1, 1987), specifically authorized the Attorney General to grant credit for time served where due. The reference to the Attorney General was deleted from the current statute, which led the First Circuit to conclude, in United States v. Benefield, 942 F.2d 60, 66-67 (1st Cir. 1991), that a district court, in imposing a concurrent sentence under the commentary to section 5G1.3, could give the defendant credit for time he had previously served on his state sentence. This holding has been undercut by the Supreme Court's decision in Wilson, 60 U.S.L.W. at 4246, that the Attorney General retains the initial authority to determine how much credit is due